UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENNIS SAURAGE, et al.                                CIVIL ACTION

VERSUS                                                07-528-JJB-CN

RAVE REVIEWS CINEMAS, LLC
D/B/A RAVE MOTION PICTURES


## RULING

This matter is before the court on a Motion to Transfer Venue and Stay

Proceedings (doc. 13) filed by defendant, Rave Reviews Cinemas, LLC pursuant to

28 U.S.C. § 1404(a).  Plaintiff Dennis Saurage has filed an Opposition. (Doc. 26).

Rave has filed a Reply.  (Doc. 30). The court denied Defendant's Motion for a

Transfer but requested oral argument on the Motion to Stay Proceedings. (Doc. 33).

In advance of oral argument, Defendant filed a Supplemental Memorandum in

Support of the Motion to Stay.  (Doc 36.). Oral argument took place on January 10,

2008.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

### I.  Factual Background

Plaintiff Dennis Saurage filed his Class Action Complaint against Rave on July

25, 2007, asserting allegations that Rave violated the Fair and Accurate Credit

Transactions Act of 2003 ("FACTA"). (Doc. 1 ¶ 1).  Mr. Saurage alleges that Rave

willfully violated 15 U.S.C. § 1681(g) by printing expiration dates and/or more than

the last five digits of customers' credit card numbers on its receipts.  (Doc. 1 ¶ 1, 16).

1

While Rave owns and operates 28 movie theaters in 12 different states, Mr. Saurage

seeks to certify a class comprised only of persons who were provided with a credit

or debit card receipt by the two movie theaters owned and operated by Rave in

Louisiana.

On July 27, 2007, only two days after Mr. Saurage filed his complaint, Julie

Grimes filed a complaint against Rave in the U.S. District Court for the Northern

District of Alabama, Southern Division.[1]   In her original complaint, Ms. Grimes

asserted claims against Rave and its subsidiaries.  The Grimes Complaint makes

similar factual allegations for purposed FACTA violations, is based upon the same

legal theories, and is brought against the same corporate defendant as the Saurage

Complaint.  The Grimes Complaint, as originally filed, sought certification of a class

comprised of persons who received receipts from Rave's Alabama movie theaters.

On September 13, 2007 Ms. Grimes amended her complaint and now seeks to

certify a nationwide class.

On November 29, 2007, this court denied Defendant's motion for a transfer

"at this time," and requested oral argument on Defendant's Motion to Stay.  Oral

argument took place on January 10, 2008.

Rave brings this motion because, it argues, *inter alia* that the Alabama case

will subsume the case brought in this district since the *Grimes* case alleges a nation-

---

[1]     The case is captioned *Julie Best Grimes v. Rave Motion Pictures Birmingham, LLC, et al.* Case No. 07-CV-01397.

wide class, and this action does not.[2] In the alternative, it argues that this court

should stay proceedings pending the outcome of the Alabama litigation.

## II.  Law and Discussion

### A.    Standard for Transfer Under 28 U.S.C. § 1404(a)

Change of venue is governed by 28 U.S.C. §1404(a), which reads: "For the

convenience of parties and witnesses, in the interest of justice, a district court may

transfer any civil action to any other district or division where it might have been

brought." The purpose of the statute is "to prevent the waste of time, energy, and

money, and to protect litigants, witnesses, and the public against unnecessary

inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *see*

*also Active Zones of Am., LLC v. SDV (USA) Inc.,* No. 05-1584, 2007 U.S. Dist.

LEXIS 62931, at *17 (D. La. Aug. 3, 2007).  The burden of proof in a motion to

transfer is on the moving party.  *Id.*

In determining whether to transfer a case, the court must consider both private

interest factors and public interest factors after first considering whether the judicial

district to which transfer is sought would have been a district in which the claim could

have been filed.  *In re: Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)(vacating

and remanding a decision denying a motion to transfer venue where the distance

from plaintiff's choice of forum and the proposed forum that was allegedly more

convenient was 400 miles). The private concerns include: (1) the relative ease of

---

[2]        At this stage, class certification has not taken place in either action.

access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.*

### (a)    Plaintiff's Choice of Forum

Generally, a "plaintiff's privilege to choose, or not to be ousted from, his chosen forum is highly esteemed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5ᵗʰ Cir. 1966). The plaintiff's choice of forum is typically entitled to great deference. *Peteet v. Dow Chemical co.*, 868 F.2d 1428, 1436 (5ᵗʰ Cir. 1989).  However, the Supreme Court has indicated that either a defendant or a plaintiff can move for a change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be. *In re: Volkswagen AG*, 371 F.3d at 204 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 530, 110 S. Ct. 1274, 108 L. Ed. 2d 443(1990)). Moreover, the plaintiff's choice of forum is "clearly a factor to be considered but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003).

Defendant points out that less weight is generally given to the plaintiff's choice of forum in a class action because each of the many potential plaintiffs could argue that a particular forum is best suited for the adjudication of the class claim.  *See, e.g., Koster v. Lumbermans Mut. Cas. Co.,* 330 U.S. 518, 524-25 (1947); *Gould v. Nat'l Life Ins. Co.,* 990 F.Supp. 1354, 1358 (M.D. Ala. 1998); *Georgouses v. Natec Res. Inc.,* 963 F.Supp. 728, 730 (N.D. Ill. 1997).  However, here, as Plaintiff notes, that general principle does not apply because this case seeks certification of a class of persons who received receipts only from the two Louisiana movie theaters.  Thus, the vast majority of the putative class members in this action will be Louisiana residents.

**B.    Whether the Case Could Have Originally Been Brought in the Northern District of Alabama**

The court must consider whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed. *In re: Volkswagen AG*, 371 F.3d at 203.  Plaintiff first argues that there is no basis for venue of this case in Alabama because Rave is a Texas corporation, both Rave-Baton Rouge and Rave-Baton Rouge II are Louisiana corporations, and Plaintiff is a Louisiana resident domiciled in the Middle District, thus an Alabama court does not have personal jurisdiction over the two "Little Raves."[3]

---

[3]    At oral argument, Defendant described its corporate organization under the following terms:  "Big Rave" (i.e. Rave Reviews Cinemas, LLC d/b/a Rave Motion Pictures), a Texas LLC, is the corporate nerve center.  On the other hand, the "Little Raves" (i.e. Rave Motions Pictures Baton Rouge, LLC and Rave Motion Pictures Baton

In turn, Rave argues that Plaintiff has attempted to defeat transfer by adding

two defendants to the case.[4]  Rave argues that Plaintiff seeks to use the addition of

the "Little Raves" as a shield in order to avoid transfer.  A plaintiff cannot rely on his

or her own conduct in an effort to defeat transfer.  *Van Dusen*, 376 U.S. at 623-24.

In *Van Dusen*, the Supreme Court held that the phrase "might have been brought"

as used in 1404(a) "should be construed to prevent parties who are opposed to a

change of venue from defeating a transfer which, but for their own deliberate acts

or omissions, would be proper, convenient and just."  *Id.*  More recently, courts have

emphasized that "the appropriate inquiry under section 1404(a) is where a case

might have been brought considering the situation as it existed when the case was

originally filed."  *Jumpt v. Why ASAP, LLC,* 2005 WL 607914, at *2 (D.D.C. Mar. 16,

2005)(citing *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

The Fair Credit Reporting Act ("FRCA") grants exclusive subject matter

jurisdiction to district courts for all actions to enforce liability under the Act.  15

U.S.C. § 1681p.  As to venue, 28 U.S.C. § 1391(b) provides:

A civil  action  wherein  jurisdiction  is  not  founded  solely  on

---

Rouge II, LLC) are the individual movie theaters within each territory.

[4]      Plaintiff's original complaint (doc. 1) filed on July 25, 2007 names only "Big
Rave" (Rave Reviews Cinemas, LLC d/b/a Rave Motion Pictures) as the defendant.
On October 8, 2007, Rave moved to transfer the case to the Northern District of
Alabama. (Doc. 13).  On October 16, 2007, Plaintiff moved to amend his complaint.
(Doc. 20).  The Court granted that motion on October 17, 2007 (doc. 21). Subsequently,
Plaintiff filed an amended complaint (doc. 22) to include the "Little Raves" (Rave Motion
Pictures Baton Rouge, LLC, Rave Motion Pictures Baton Rouge II, LLC).

> diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial party of property that is the subject of the actions is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

As noted above, "Big Rave" is a Texas LLC, and both "Little Raves" are Louisiana LLC's.  Plaintiff is a Louisiana resident domiciled in the Middle District.

The two "Little Raves" have no presence in Alabama and could not reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).  Thus, because two of the three defendants are not residents of Alabama for venue purposes, this case could not have been brought in Alabama.

Further, the court finds that the alleged acts or omissions giving rise to this suit (the printing of non-truncated receipts) occurred solely in Louisiana, and the putative class consists solely of persons who received receipts in Louisiana. It does not involve any receipts or recipients in any other state or at any of Rave's other movie theaters. Thus, pursuant to 28 U.S.C. 1391(b), this suit could have only been brought in the Middle District of Louisiana (where the acts or omissions allegedly took place), or in the Northern District of Texas ("Big Rave's" residence).[5]

_____

[5]The court notes that while Plaintiff's first filed complaint names only "Big Rave" as the defendant, the fact that Plaintiff amended his complaint to add the two "Little Raves" is not by itself sufficient to tilt the scale in favor of transfer to Alabama.  A

### III. Conclusion

The court is not persuaded by Defendant's argument that the Alabama action will necessarily subsume the Louisiana action.  Additionally, Plaintiff's choice of forum is highly esteemed and entitled to great weight, especially where an examination of the public and private interest factors— none of which are dispositive— fails to move the court in favor of transferring the case.[6]

Accordingly, after carefully considering the well-crafted oral arguments and briefs on both sides, Defendant's Motion to Transfer remains **DENIED**.  Defendant's Motion to Stay proceedings pending the outcome of the Alabama litigation is **LIFTED**.  The matter shall proceed on course in this district.

Baton Rouge, Louisiana, <u>January 23, 2008</u>.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

plaintiff is entitled to amend his or her complaint.  Additionally, the court does not find that Plaintiff added the two "Little Raves" as a shield to avoid transfer to Alabama. Rather, the court finds that Plaintiff likely added to two local "Little Raves" because he is seeking certification of a Louisiana class and the Little Raves are Louisiana LLC's where the acts or omissions allegedly took place, thus Plaintiff's case would likely be limited to the two "Little Raves" in Louisiana.

[6]    In light of the pending Alabama litigation, the court strongly urges the Plaintiff to make every reasonable effort to coordinate discovery with the parties currently before the Alabama court.